UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-653-CRS

DIANE FARRELL                                                                             PLAINTIFF

v.

AETNA LIFE INSURANCE COMPANY                               DEFENDANT

**MEMORANDUM OPINION**

      Diane Farrell is an insured under a long term disability plan administered by Aetna Life Insurance Company ("Aetna"). She stopped work in August 2010 for physical reasons. Originally, Aetna determined that she was disabled and paid her disability benefits from August 2010 until February 2013. After Aetna ceased payments, Farrell continued to believe that she was disabled under the terms of the plan. She exhausted her administrative remedies and then brought this suit. Beyond the typical claim for benefits, Farrell also pursues a claim for disgorgement—she argues that as a result of its delayed payment of her monthly benefits, Aetna has accumulated earnings on the plan benefits it owes Farrell. She wants those earnings. Aetna has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the disgorgement claim, however, arguing that it is not proper under the enforcement scheme found in the Employee Retirement Income Security Act of 1974.

      The Court has carefully considered these issues, as well as broader issues related to breaches of fiduciary duties by ERISA plan administrators. This opinion, though, will focus exclusively on the viability of the disgorgement claim. For the following reasons, Farrell's claim for disgorgement will be dismissed.

To avoid dismissal, complaints must put forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When addressing 12(b)(6) motions, this Court takes all well-pled allegations as true and views the allegations in the light most favorable to the non-movant. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In sum, complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Even accepting her allegations as true, Farrell is simply not entitled to seek disgorgement. She may not pursue a claim for equitable relief under 29 U.S.C § 1132(a)(3) because her alleged injuries can be remedied under § 1132(a)(1)(B). As Aetna regularly pointed out in briefing—a point Farrell was unable to convincingly rebuff—the facts underlying her claim for denial of benefits are the same facts undergirding her claim for disgorgement. Though she frames her disgorgement claim around her desire to recoup any earnings Aetna made from its denial of benefits owed to her, the earnings on the denied benefits are ancillary harms—not separate harms—to the true harm, the original denial. *See Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 374 (6th Cir. 2015). Thus, she seeks two forms of recovery for the same injury. Merely "repackaged" claims for benefits do not pass muster under § 1132(a)(3) since § 1132(a)(1)(B) already affords an appropriate remedy.

This result also comports with the purpose of ERISA. Congress designed ERISA's enforcement scheme to provide "make-whole relief." *See Rochow*, 780 F.3d at 371-73. But disgorgement is a remedy that focuses on the nature of the defendant's wrongdoing, not what relief is required to redress the plaintiff's injury. *Id*. at 371. That focus on the defendant's wrongdoing is the basis for the oft-used expression "disgorgement of ill-gotten gains." That is

2

not to say that disgorgement could never be the appropriate remedy in an ERISA case. But where, as here, the plaintiff's true harm could be remedied by an award of plan benefits under § 1132(a)(1)(B), disgorgement is not appropriate. For these reasons, partial dismissal will be ordered.

      A separate order will be entered consistent with this Memorandum Opinion.

May 5, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Counsel of Record